Breitel, J.
(dissenting). Both Special Term and the Appellate Division were correct in invalidating the Mount Kisco ordinance. The majority would sustain the amendment upon a conclusion that the village resolution was not “ arbitrary and capricious ”, that is, in terms of Mount Kisco’s own evolving comprehensive plan of land zoning. But where there is more than one municipality’s plan at stake, one should question whether the usual test of administrative action under the rubric of “ arbitrary and capricious ” is the proper standard. Notably, the instant issue does not involve a local group of homeowners challenging the action of their own village board, on which presumably they were represented when the ordinance was adopted. The aggrieved party is a separate municipality that has only a limited voice in shaping its neighbor’s plan that impinges on its own. Consequently, the courts may not defer to the usual presumption in favor of the resolution’s validity, *190 but rather, must, especially in view of the county statute, balance competing interests.
Section 452 of the Westchester County Administrative Code, a primitive form of regional planning, confers on the courts a mandate to perform some sort of equitable adjustment. The section requires- that notice and opportunity to be heard be accorded any adjoining municipality when a city, town or vil-, loge proposes a zoning change for property lying within 500 feet of the boundary of the adjoining municipality. As the majority agrees, and section 452 all but expressly provides, the adjoining municipality has standing to obtain judicial review.
The scope of judicial review must be determined in light of the purpose of section 452. It, with its companion section 451, accord similar rights to notice, hearing and standing to the county planning board and the adjoining municipality. They were designed to “ permit a new degree of effectiveness and the better integration of county planning in Westchester County ” (Governor’s Message on approving L. 1961, ohs. 822; 823 [1961 New York Legislative Annual, p. 474]). Thus, they implement the State-wide policy, expressed in section 239-1 of the General Municipal Law, that local zoning action be subject to review at the county level. The need for regional planning to consider and balance the often conflicting interests of localities has been recognized by courts and commentators. (See, e.g., Golden v. Planning Bd. of Ramapo, 30 N Y 2d 359, dis. opn. per Breitel, J., at pp. 383, 385. See, also, Feiler, Metropolitanization and Land-Use Parochialism — Toward a Judicial Attitude, 69 Mich. L. Rev. 655, 664 — 667; Haar, Regionalism and Realism in Land-Use Planning, 105 U. Pa. L. Rev. 515, 526-528.)
In balancing equities, flexibility and good judgment must be exercised. Admittedly there is a strong presumption favoring the municipality’s delegated authority to regulate land uses within its own territory (e.g., Thomas v. Town of Bedford, 11 N Y 2d 428, 433; Rodgers v. Village of Tarrytown, 302 N. Y. 115,121). Section 452, however, impinges on that authority and a court may find overriding considerations sufficient to require overriding that authority. A court may also find that the enacting municipality’s interest in the change was relatively minor as compared with the effect on the adjoining municipality.
*191 The change in zone by Mount Kisco would apply only to the 7.68-acre Amuso parcel. That parcel, however, was appropriately characterized by Special Term as an “ island within the Town of Bedford ”. Indeed, the Amuso parcel is effectively cut off from the remainder of the Village of Mount Kisco by the Saw Mill Biver Parkway, almost a barrier. Any change in zoning of the parcel, therefore, would have its greatest effect on Bedford, and only an incidental effect on Mount Kisco.
The effect on Bedford would be severe. Bedford, as it surrounds the Amuso parcel, is zoned for single-family residential use. Yet, the change in zone means the juxtaposition of highrise apartment houses.
In Borough of Cresshill v. Borough of Dumont (28 N. J. Super. 26, affd. on other grounds 15 N. J. 238), one borough’s rezoning of a remote corner of its territory from “ residential ” to “ business ” use was struck down on the complaint of three adjoining boroughs. Noting the development of all four boroughs, the total of single-family dwellings and the location of their respective business districts, the New Jersey court emphasized that “ Once a municipality adopts a valid zoning ordinance prohibiting a particular use in an established use area, the general public has a right to rely upon the provisions of the ordinance ” (28 N. J. Super., at p. 42). The residents in the adjoining boroughs thus acquired a “ vested right ” in the benefits derived from the existing restriction, and the court deemed it a “ legal requirement ” that zoning ordinance restrictions take “ reasonable consideration ” of the character of the neighboring municipalities (28 N. J. Super., at p. 43).
The lower courts could justifiably conclude that because of the harm to Bedford, the Mount Kisco ordinance should not stand. As earlier observed, the Amuso parcel, a mere 7.68 acres, was characterized by Special Term as an “ island within the Town of Bedford ”, surrounded on three sides by Bedford’s single-family residences that will soon have high-rise apartments for neighbors. Mount Kisco, in contrast, being separated from the Amuso land by the Saw Mill Biver Parkway, altered its use without adverse consequences to itself. Moreover, compared to the adverse consequences for Bedford, the benefits to Mount Kisco are marginal since the village already has zoned *192 57 acres for multiple-family use which may be developed for apartments.
Analysis of the conflict between the two municipalities suggests the need for development of effective planning agencies at the regional or State level. Only at the regional level can the pitfall of idiosyncratic municipal action be avoided (see Golden v. Town of Ramapo, 30 N Y 2d, supra, at p. 385, dis. opn. per Breitel, J.). In the absence of more effective tools to facilitate sensible regional growth, the courts should and are bound to view section 452 as a mandate for equitable resolution of zoning disputes between adjoining municipalities.
Accordingly, I dissent and vote to affirm.
Chief Judge Fuld and Judges Burke and Wachtler concur with Judge Jones; Judge Breitel dissents and votes to affirm in a separate opinion in which Judges Jasen and Gabrielli concur.
Order reversed, without costs, and the petition dismissed.